IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

MARK A. BACON,                                       )
                                                     )
                Plaintiff,         )         CIV. NO.: 2010-71
    v.                                             )
                                                     )
GRAPETREE SHORES, INC. D/B/A, DIVI CARINA            )
BAY HOTEL,                                           )
                                                     )
                                                     )
                Defendant.         )
_____)

**MEMORANDUM OPINION and ORDER**

Finch, Senior Judge

THIS MATTER is before the Court on the motion of defendant Grapetree Shores, Inc. ("Grapetree") to compel arbitration and to stay proceedings in the District Court pending the results of arbitration. Plaintiff Mark Bacon ("Bacon") opposes the motion on the ground that he did not agree to arbitrate any disputes with Grapetree.

**I.     Background**

Plaintiff Bacon stayed at the Divi Carina Bay Hotel ("Divi") for a six week period that began on January 10, 2010. (Compl. ¶¶ 4, 7.) For the length of his stay, Bacon resided in Room 210. Bacon checked out of the resort on February 28, 2010, after contracting a skin condition, allegedly due to unsanitary conditions in the guestroom. (*Id*. ¶¶ 5-7.) While a guest at Divi, Bacon reserved a room at the resort for Rita Morey, a business associate. (Bacon Aff. ¶4.) The reservation was paid for and signed by Bacon and included an agreement to arbitrate "all disputes and claims against Grapetree Shores, Inc. . . . including claims for bodily injury and property damage or loss." (Def. Exs. 1 & 2.) Bacon's initials appear on the reservation

document, which is dated February 19, 2010. (*Id.*) The reservation reserved Room 168 for the period February 19, 2010 to February 22, 2010. Ms. Morey indicates that she stayed in Room 168 during that time period. (Morey Aff. ¶ 2.) However, Ms. Morey did not sign the document, nor does her name appear anywhere on the reservation agreement. Bacon later brought suit in this Court alleging that Grapetree's negligence in failing to maintain hygienic conditions in the guest rooms and guest bathrooms resulted in personal injury to Bacon. Grapetree, citing the arbitration agreement signed by Bacon, moved to compel arbitration of this dispute. Bacon opposes the motion, contending that his signature on the reservation document, (containing the arbitration agreement) does not compel him to arbitrate his claims because he made the reservation on behalf of his associate Rita Morey.

**II. Analysis**

"A party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration." *Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 200 (3d Cir. 2010) (citing 9 U.S.C. §§ 3-4.)[1] Prior to granting such an order, the court applies the relevant state law of contracts to determine whether the parties entered a valid agreement to arbitrate. *Parilla v. IAP Worldwide Services, VI, Inc.*, 368 F.3d 269, 276 (3d Cir. 2004) (citations omitted). "Under Virgin Islands law, the essential prerequisites for the creation of a valid contract are a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Virgin Islands Water & Power Authority v.*

---

[1] Pursuant to the Federal Arbitration Act ("FAA"),

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

*General Electric International, Inc.*, 51 V.I. 1116, 1121 (D.V.I. 2009) (citing The Restatement (Second) of Contracts § 17).[2] "The outward expression of assent rather than subjective intent is the basis for determining whether a party entered into an agreement." *Reynolds v. Islands Mechanical Contractors, Inc.*, Civ. No. 2009-83, 2010 WL 4683719, at *3 (D.V.I. Nov. 12, 2010) (citing *Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 221 (3d Cir.2008)). Accordingly, "[a] signature indicates assent and thus binds the signatory to the contract 'unless he or he or she can show special circumstances relieving him or her of such an obligation.'" *Id.* (quoting *National Financial Partners Corp. v. Cunning*, 2009 WL 1939818, at *3 (D.V.I. July 7, 2009)).

Notwithstanding his signature on the Agreement, Bacon contends that Grapetree could not presume that his signature indicated his assent to the provisions contained therein because that agreement was made pursuant to a reservation for Room 168, and Bacon never occupied that room.[3] However, the terms of the arbitration agreement are broad and do not refer specifically to Bacon's presence in Room 168. Printed in upper case lettering, the agreement provides in relevant part:

> FOR VALUABLE CONSIDERATION, ALL DISPUTES AND CLAIMS AGAINST GRAPETREE SHORES, INC. (INCLUDING CLAIMS FOR BODILY INJURY AND PROPERTY DAMAGE OR LOSS) AND ITS EMPLYEES, TENANTS, AND AFFILIATES (COLLECTIVELY, "GSI") **ARISING FROM THE GUEST'S STAY AT THIS RESORT OR FROM ANY USE OF THIS RESORT OR ITS EQUIPMENT** (INCLUDING THE DIVI CARINA BAY CASINO) SHALL BE EXCLUSIVELY SETTLED BY BINDING ARBITRATION IN ST. CROIX, USVI PURSUANT TO THE UNITED STATES FEDERAL ARBITRATION ACT (TITLE 9 U.S. CODE SECTIONS 1-16 AS AMENDED FROM TIME TO TIME) AND IN ACCORDANCE WITH THE APPLICABLE RULES OF THE AMERICAN ARBITRATION ASSOCIATION USING A SINGLE ARBITRATOR WHOSE DECISION SHALL BE FINAL AND BINDING.

---

[2] Pursuant to 1 V.I.C. § 4, "[t]he rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary."

[3] Bacon assumes knowledge on the part of Divi that he already had a room reserved during this time period and did not intend to stay in Room 168, even though no other individual's name appeared on the reservation for Room 168.

(Def. Ex. 1) (emphasis added.)

As the highlighted portion of the text makes clear, the agreement does not limit arbitration to claims arising solely from use of the guest's room.  Moreover, Bacon's unspoken desire not to be bound is irrelevant because "a mental reservation of a party to a bargain does not impair the obligation he purports to undertake." Rest. 2d. Contracts § 17, cmt. c.  In other words, an "agreement" is demonstrated by the "*manifestation* of mutual assent," *id*. (emphasis added), rather than the subjective intent of the signatory. Bacon's signature was a manifestation of his assent.

Bacon seeks support for his argument in § 20 of the Restatement (Second) of Contracts. Section 20 provides in pertinent part:

> (1) There is no manifestation of mutual assent to an exchange if the parties attach materially different meanings to their manifestations and
>
> (a) neither party knows or has reason to know the meaning attached by the other; or
>
> (b) each party knows or each party has reason to know the meaning attached by the other.

However, Bacon does not set forth facts showing that the parties attached materially different meanings to the terms of the Agreement.  In fact, Bacon points to no ambiguity in the terms of the Agreement that would give rise to a misunderstanding.[4]  *See, e.g., Local Motion, Inc. v. Niescher*, 105 F.3d 1278, 1280 (9th Cir. 1997) ("The presence of an ambiguous material term may indicate that no meeting of the minds occurred when the document was signed") (citing 1 Corbin, Contracts § 4.10 (1993)).  There is no evidence that Bacon believed that his signature

---

[4] "Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *McDonald v. Davis*, 2009 U.S. Dist. LEXIS 17309, 18-19 (D.V.I. 2009) (quoting *Regents of the Mercersburg College v. Rep. Franklin Ins. Co*., 458 F.3d 159, 171 (3d Cir. 2006)). "To determine the existence of a contractual ambiguity, the court may consider "the words of the contract, the alternative meaning suggested by counsel, and the nature of the objective evidence to be offered in support of that meaning." *Id*. (quoting *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc*., 619 F.2d 1001, 1011 (3d Cir. 1980)).  In this case, the words of the contract are unambiguous and Bacon has failed to offer any alternative meaning.

had no binding effect as to any of the provisions of the agreement, including liability for the charges associated with the room. The facts before the Court lead it to conclude that Bacon has entered into a binding and valid arbitration agreement and that the injuries he incurred fall within the scope of the agreement.

### III.    Conclusion

Having found that a binding arbitration agreement exists between the parties, it is hereby **ORDERED** that this matter be arbitrated and the matter stayed pending the outcome of the arbitration proceedings.

**ENTER**:


Dated: April 27, 2011

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE