DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| MARK A. BACON, | ) | |
| | ) | |
|       **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 2010-071 |
| | ) | |
| GRAPETREE SHORES, INC., d/b/a | ) | |
| DIVI CARINA BAY HOTEL | ) | |
| | ) | |
|       **Defendant.** | ) | |
| | ) | |

**Attorneys:**
**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Ryan C. Meade, Esq.,**
Miami, FL
**Leslie A. Kelley, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendants*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant's "Motion for Declaratory Judgment that Plaintiff's Demand for Arbitration was Filed Beyond the Statute of Limitations." (Dkt. No. 19). For the reasons that follow, the Court will deny Defendant's Motion.

### Background

Plaintiff Mark Bacon ("Plaintiff") filed this action against Defendant Grapetree Shores, Inc. ("Defendant") on August 4, 2010 alleging that he suffered from an "eruption" of welts and blisters on his body after staying in Defendant's hotel as a result of Defendant's negligent maintenance of the guestrooms and bathrooms. (Dkt. No. 1). Plaintiff alleges that he stayed in

Defendant's hotel from January 10, 2010 through February 28, 2010. (*Id.*)

On April 28, 2011, the Court issued an Order granting Defendant's "Motion to Compel Arbitration and for Stay of Proceedings." (Dkt. No. 10). Plaintiff filed a "Demand for Arbitration" with the American Arbitration Association on February 26, 2013. (*See* Dkt. No. 17).

On March 28, 2013, Defendant filed its "Motion for Declaratory Judgment that Plaintiff's Demand for Arbitration was Filed Beyond the Statute of Limitations." (Dkt. No. 19). Plaintiff filed a Response on April 12, 2013 (Dkt. No. 20), and Defendant filed a Reply on April 29, 2013 (Dkt. No. 21). Then, on November 13, 2013, Plaintiff filed a Notice with the Court that, on November 5, 2013, the arbitrator denied Defendant's "Motion to Dismiss Demand for Arbitration as Untimely." (Dkt. No. 23).

## Discussion

Before reaching the merits of Defendant's Motion, the Court must determine whether this matter is properly before it. *Steel Co. v. Citizens for a Better Env't*, 553 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (citation and internal quotation marks omitted). The Court concludes that this matter is not properly before it. Indeed, it is well established that "procedural questions, such as those concerning waiver, delay, or the procedural prerequisites to arbitration, are for the arbitrator to decide." *Langlais v. Pennmont Benefit Srvs.*, 2013 U.S. App. LEXIS 11499, at *5 (3d Cir. 2013) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)); *see also Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 455–56 (4th Cir. 1997) (holding that "[d]efenses of laches, mere delay, statute of limitations, and untimeliness . . . . [are] a matter of procedural arbitrability solely for the arbitrator's decision.") (citation and internal quotation marks omitted); *Shearson*

*Leahman Hutton, Inc. v. Waggoner*, 944 F.2d 114, 121 (2d Cir. 1991) ("[I]t is up to the arbitrators, not the court, to decide the validity of time-bar defenses.") (citation omitted).

By Plaintiff's "Notice to Court," filed on November 13, 2013, the Court has been advised that the arbitrator has ruled on Defendant's timeliness challenge. A ruling by the arbitrator is in accord with the applicable law because the validity of time-bar defenses is for the arbitrator to decide. *See Shearson*, 944 F.2d at 121.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Defendant's "Motion for Declaratory Judgment that Plaintiff's Demand for Arbitration was Filed Beyond the Statute of Limitations" (Dkt. No. 19) is **DENIED**; and it is further

**ORDERED** that Defendant's "Request for Ruling and/or Oral Argument" (Dkt. No. 22) is **DENIED AS MOOT**.

**SO ORDERED.**

Date:  December 5, 2013                     _____/s/_____
                                             WILMA A. LEWIS
                                             Chief Judge